IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-196-FL
No. 4:08-CR-77-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| TIMOTHY WAYNE HARDISON, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

These matters are before the court on motion of petitioner Timothy Wayne Hardison ("petitioner") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, filed November 13, 2011 (DE # 86). The government filed response on November 22, 2011, and supplemented its response on December 16, 2011. Also before the court is the government's motion to stay (DE # 90).

This order memorializes discussion of issues raised before the court at the December 19, 2011 hearing. As stated at hearing and set forth more particularly below, petitioner's § 2255 motion is dismissed as untimely, and the government's motion to stay is denied as moot.

**BACKGROUND**

On March 3, 2009, petitioner pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He was sentenced on October 15, 2009, to a term of 24-months imprisonment, followed by three-years supervised release. Petitioner did not appeal his conviction

or sentence. After serving his term of imprisonment, he was released on May 18, 2010.

On March 16, 2011, petitioner's probation officer filed motion for revocation of supervised release, which motion cited as grounds petitioner's (1) absconding from supervision and (2) failure to participate as directed in a mental health program. Arrest warrant issued the same day.

Petitioner's revocation hearing was scheduled for September 12, 2011. However, he moved at that time for continuance due to the Fourth Circuit's August 17, 2011 decision in United States v. Simmons, 649 F.2d 237 (4th Cir. 2011). The court granted continuance and ordered petitioner confined to his mother Sharon Hardison's home in Snow Hill, North Carolina.

On November 13, 2011, petitioner moved to vacate sentence under 28 U.S.C. § 2255. The government answered on November 22, 2011 and also moved to stay decision on petitioner's motion pending the Fourth Circuit's decision in United States v. Powell, No. 5:10cv137-V-5, 5:03cr37-13, 2011 WL 32519 (W.D.N.C. Jan. 4, 2011), appeal docketed, No. 11-6152 (4th Cir. Feb. 2, 2011).

The court held hearing on December 19, 2011 and heard argument on petitioner's § 2255 motion, the government's motion to stay, and the government's motion for revocation of supervised release.

## DISCUSSION

At hearing, petitioner argued that his § 2255 motion to vacate was filed timely pursuant to 28 U.S.C. § 2255(f)(4). Section 2255(f)(4) provides that the one-year period of limitation for filing of § 2255 motions to vacate shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner argued that the Fourth Circuit's opinion in United States v. Simmons, 649

F.3d 237 (4th Cir. 2011), was a "fact supporting [his] claim," and he therefore contended that the limitation period for filing his § 2255 motion should toll from that opinion's issuance date, August 17, 2011.

In support of his contention that the Fourth Circuit's decision in Simmons constitutes a "fact" as comprehended by § 2255(f)(4), petitioner cited Johnson v. United States, 544 U.S. 295 (2005), and United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003). In Johnson, the Supreme Court held that a state order vacating a predicate conviction constituted a "fact" as used in 28 U.S.C. § 2255, ¶ (6)(4) (2005). Johnson, 332 F.3d at 306-308. Similarly, in Gadsen, the Fourth Circuit held that a state court's conclusive vacatur of a petitioner's prior state conviction constituted a "fact" under 28 U.S.C. § 2255(4) (2003). Gadsen, 332 F.3d at 227. The petitioner's limitations period began tolling on the date the South Carolina Supreme Court denied the government's petition for certiorari. Id.

The court agrees with the government, however, that the action at issue here, issuance of a legal opinion, differs substantially from the orders vacating judgment considered in Johnson and Gadsen. Those cases involved vacatur of a petitioner's own prior state conviction that directly eliminated the petitioner's status as a convict. Here, Simmons was not a part of petitioner's litigation history and does not apply directly to him.

Additional considerations counsel against finding that the Fourth Circuit's decision in Simmons constitutes a "fact" under § 2255(f)(4). Section 2255(f)(3) already provides that the one-year period of limitation may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To hold now that

3

appellate court decisions constitute "facts" under § 2255(f)(4), and therefore could serve as the tolling dates for § 2255 motions, would render moot § 2255(f)(3). Further, such a holding would create a large loophole in the limitations scheme of § 2255(f) and would undermine the efforts evinced therein to promote finality.

Accordingly, the Fourth Circuit's decision in Simmons does not constitute a "fact supporting [petitioner's] claim." Because petitioner has failed to present to the court any additional facts supporting his claim to serve as a tolling point, and has failed to demonstrate that his petition was timely filed under any other provision of § 2255(f), petitioner's motion to vacate pursuant to § 2255 is dismissed as untimely.

## CONCLUSION

Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DISMISSED as untimely. The government's motion to stay is DENIED as moot.

SO ORDERED, this the 27th day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge